UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEITH MENZIES ET AL                               CIVIL ACTION

VERSUS                                            NO: 09-1092

AUTO CLUB FAMILY INSURANCE                        SECTION: J(1)
COMPANY, ET AL

## ORDER AND REASONS

Before the Court is Defendant Auto Club Family Insurance Company's ("ACFIC") **Motion for Summary Judgment (Rec. Doc. 19)** and Plaintiffs' **Response Memorandum in Opposition (Rec. Doc. 22).**

## PROCEDURAL HISTORY AND BACKGROUND FACTS

Plaintiffs, owners of property located in New Orleans, Louisiana, have filed this action against their homeowner's insurance company, ACFIC, alleging that their property, and the contents contained therein, was damaged during Hurricane Katrina. Although ACFIC has made payments to Plaintiffs, Plaintiffs allege they are entitled to additional proceeds because ACFIC failed to properly value the damage claims.

Defendant alleges that Plaintiffs are not entitled to additional proceeds because 1) Plaintiffs' flood insurer has already indemnified Plaintiffs for their content damages, and 2) Plaintiffs have been properly indemnified for their property (dwelling) damage claims because the total proceeds Plaintiffs

received from their flood insurer, ACFIC, and other sources,[1] exceed the "pre-Katrina" value of their property.

**DISCUSSION**

In addition to arguing that Plaintiffs are not entitled to additional proceeds, Defendant requests that this Court dismiss this case on summary judgement under Rule 56(c). According to Defendant, summary judgment is appropriate because Plaintiffs' are seeking double recovery of insurance proceeds, which is prohibited, and because Plaintiffs have the burden of proving segregable damages, which Defendant believes Plaintiffs cannot prove.

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

---

[1] In addition to receiving $99,000 (the policy limit for Plaintiffs' building/dwelling coverage) from their homeowner's insurance company and $9,938.31 from ACFIC, Plaintiffs' also received $30,000.00 in ICC funds from their flood insurer, and $86,395.67 from Louisiana Road Home.

**I.  Double Recovery of Insurance Proceeds**

Defendant correctly asserts that Louisiana law prohibits an insured from recovering for the same loss, twice. Lambert v. State Farm Fire and Casualty Co., 568 F. Supp. 2d 698, 702 (E.D. La. 2008); see also Cole v. Celotex Corp., 599 So. 2d 1058, 1080 (La. 1992) ("As a general rule a claimant may recover under all available coverages provided that there is no double recovery."). However, despite Defendant's arguments, Plaintiffs can recover from Defendant for their content and dwelling damage without exceeding the value to their property.

   *A.  Contents*

Defendant argues that Plaintiffs do not have a valid claim for additional proceeds for damages relating to their contents because the list of damaged contents Plaintiffs submitted to Defendant is the exact same list Plaintiffs submitted to their flood insurer. Although the lists submitted to both insurers may be identical, Defendant fails to acknowledge that Plaintiffs' flood insurer did not pay the full amount of the claimed damages. Plaintiffs submitted a claim for $52,949.00 to both their flood insurer and Defendant. The flood insurer paid Plaintiffs $41,361.72. Therefore, it is possible that Plaintiffs can recover up to $11,587.28 from Defendant without being compensated twice for the same losses.

Further, Plaintiffs submitted to Defendant an addendum to

their damaged contents list, which includes an additional $2,300.00 of claimed damages which Plaintiffs did not submit to their flood insurer. Defendant has no basis for claiming that Plaintiffs will violate the rule pertaining to doble recovery if Plaintiffs were successful in obtaining the "addendum" proceeds from Defendant. For these reasons, Defendant has not met its initial burden of demonstrating the absence of a genuine issue of material fact regarding whether Plaintiffs are entitled to additional proceeds for their contents. Therefore, summary judgment is not appropriate.

### B. *Dwelling*

Defendant also argues that Plaintiffs do not have a valid claim for additional proceeds for damages to their dwelling because Plaintiffs have already recovered proceeds that exceed the value of the dwelling. According to Defendant, Plaintiffs have recovered $129,000.00 from their flood insurer and $9,938.00 from Defendant for the damage to the dwelling; all totaling $138.938.00. However, Defendant's calculation includes $30,000 in Increased Cost of Compliance ("ICC") funds recovered by Plaintiffs. ICC funds are not proceeds for damage to an insured's dwelling. See Ginart v. State Farm Casualty Ins. Co., No. 07-6841, 2009 WL 537092 (E.D. La. Mar. 4, 2009) ("ICC coverage pays for compliance with flood-plain management laws that meet the minimum standards of the National Flood Insurance

4

Program . . . as well as for compliance activities that exceed those standards[.]"); see also 44 C.F.R. Pt. 61, App. A(1), art. III(D)(2) (stating that the payment of ICC claims is in addition to the amount of coverage an insured selects for the building coverage). Therefore, Defendant's calculations are inflated by $30,000.00. As a result, Plaintiffs have only recovered $108,938.00 for the damage to their dwelling.[2]

While Defendant nor Plaintiffs have provided sufficient evidence to prove the value of the dwelling, Plaintiffs have testified that "pre-Katrina," the home appraised for $112,000. Assuming this to be the correct valuation of the property, and given that Plaintiffs have only recovered $108,938.00 for the damage to their dwelling, it is possible for Plaintiffs to recover over $3,000.00 from Defendant before they exceed the value of their home. Therefore, there exists a genuine issue of material fact regarding whether Plaintiffs are entitled to additional proceeds for the damage to their dwelling. As a result, summary judgment is not appropriate.

## II. Proving Segregable Damages

Defendant also argues that summary judgment is appropriate

---

[2]Defendant also alludes to Plaintiffs' receipt of Road Home proceeds in the amount of $86,395.67. As this Court held in Metoyer v. Auto Club Family Insurance Company, 536 F. Supp. 2d 664, Road Home grants are collateral source benefits and an insurer is not entitled to a credit or offset for any such benefits received by the homeowner.

5

because Plaintiffs cannot satisfy their burden of proving segregable damages. According to Defendant, once evidence is presented supporting an exclusion, the burden is on the insured to present sufficient evidence to rebut the exclusion or prove the amount of segregable, covered damages. However, as this Court stated in <u>Lightell v. State Farm Fire and Casualty Co.</u>, No. 08-4393, 2009 WL 4505942 (E.D. La. Nov. 25, 2009), the United States Court of Appeals, Fifth Circuit, has held that this is not the case. In <u>Dickerson v. Lexington Insurance Company</u>, 556 F.3d 290 (5th Cir. 2009), the Fifth Circuit stated,

> [u]nder Louisiana law, the insured must prove that the claim asserted is covered by his policy. Once he has done this, the insurer has the burden of demonstrating that the damage at issue is excluded from coverage. Thus, once [the insured] proved his home was damaged by wind, the burden shifted to [the insurer] to prove that flooding caused the damage at issue, thereby excluding coverage under the homeowner's policy.

<u>Id.</u> at 295; <u>see</u> <u>also</u> <u>Smith v. American Family Life Assur. Co. of Columbus</u>, 584 F.3d 212, 218 (5th Cir. 2009) (citing <u>Doerr v. Mobil Oil Corp.</u>, 774 So.2d 119, 124 (La. 2000) for the notion that "the insurer bears the burden of proving the applicability of an exclusionary clause within a policy"); <u>Imperial Trading Co., Inc. v. Travelers Property Cas. Co. Of America</u>, 638 F. Supp. 2d 692, 694 (E.D. La. Jul 16, 2009) (holding that the burden is not on the plaintiff to prove segregable damages). "Plaintiffs' burden at trial will be to prove that they are entitled to additional payments to damage to their property. Plaintiffs do

6

not have the burden of segregating the damages based on covered and non-covered perils." Lightell, 2009 WL 4505942 at *3 (E.D. La. Nov. 25, 2009).

A review of the record in this matter shows that there exists a question of material fact as to whether Plaintiffs are entitled to additional payments for their contents and dwelling. Therefore, summary judgment is not appropriate. Accordingly,

**IT IS ORDERED** that Defendant Auto Club Family Insurance Company's **Motion for Summary Judgment (Rec. Doc. 19)** is hereby **DENIED**.

New Orleans, Louisiana this __11th__ day of February, 2010.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE